Amanda Bruss, Esq. (246249)
Kristen G. Roberts, Esq. (275552)
Trestle Law, APC
3131 Camino Del Rio North #380
San Diego, CA 92108
(619) 289-8939 |
amanda@trestlelaw.com
kristen@trestlelaw.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALEO CERTIFIED, INC., d/b/a THE PALEO FOUNDATION, A FLORIDA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>WS WEST LLC d/b/a LITTLE WEST, A CALIFORNIA LIMITED LIABILITY COMPANY, AND DOES 1-10,<br><br>Defendants. | Case No.: **'25CV2823 RBM BJW**<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Paleo Certified, Inc. d/b/a The Paleo Foundation ("The Paleo Foundation") by and through its attorneys, Trestle Law, APC, for its Complaint against Defendant WS West LLC d/b/a Little West ("Little West") alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

COMPLAINT

1

**INTRODUCTION**

1. This case arises from Defendant Little West's willful and deceptive misuse of Plaintiff's federally registered Certified Paleo Mark (U.S. Reg. No. 4,767,643), coupled with false and intentionally misleading representations that Little West products are "Certified Paleo" and meet "the standards set forth by the Paleo Foundation."

2. Despite never even applying for certification, Little West displayed, and continues to display, Plaintiff's Certification Mark on its product packaging, digital marketing, and website, and falsely linked to Plaintiff's own certification standards page, creating the illusion that its juices have been independently approved by the Paleo Foundation.

3. Even after repeated notices of infringement and direct communication between counsel and Little West's CEO, Chris Dodigovic, Defendant has continued to use Plaintiff's name and mark in commerce, demonstrating deliberate and willful infringement within the meaning of 15 U.S.C. § 1117(b).

4. This deliberate deception harms consumers, misappropriates the goodwill of a federally registered certification mark, and undermines the credibility of legitimate Paleo-certified producers nationwide.

**JURISDICTION AND VENUE**

5. This action arises under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(d); the California Unfair Competition Law, Bus. & Prof. Code § 17200 et seq.; and related common law.

6. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because the claims arise under federal trademark law, and supplemental jurisdiction under 28 U.S.C. § 1367 over related state-law claims.

COMPLAINT

2

7. This Court has personal jurisdiction over Defendant because it markets, sells, and distributes the accused products in this District and committed the acts complained of in and directed to this District; Plaintiff's claims arise out of and relate to those contacts.

8. Venue is proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the infringing acts occurred within this District, including marketing, sales, and distribution of Little West products at retail locations in San Diego County.

## THE PARTIES

9. Plaintiff Paleo Certified, Inc., d/b/a The Paleo Foundation, is a corporation organized under the laws of the state of Florida, with its principal place of business located at 623 Divine Circle, Orlando, FL 32828.

10. Defendant WS West LLC, d/b/a Little West is a California limited liability company with its principal place of business located at 426 East 58th Street Unit B Los Angeles, CA 90011.

11. Upon information and belief, Defendant WS West LLC is wholly owned and controlled by PlantX Life Inc. ("PlantX"), a corporation engaged in the marketing and distribution of consumer food and beverage products. Upon information and belief, PlantX directed, authorized, or ratified the infringing acts alleged herein and derived financial benefit from them. Plaintiff reserves the right to amend this Complaint to add PlantX Life Inc. as a Defendant once discovery confirms its role and degree of control.

12. The true names and capacities of Does 1–10 are presently unknown. Plaintiff will amend to allege their true names and capacities when ascertained.

//
//
//

COMPLAINT

3

# FACTUAL BACKGROUND

**A. Plaintiff's Certified Paleo Program**

13.  Plaintiff is the owner of United States Trademark Registration No. 4,767,643 for the Certified Paleo® certification mark (the "Certified Paleo Mark") registered on July 7, 2015, in International Class 42 for "testing, analysis, and evaluation of the goods of others for the purpose of certification." A true and correct copy of the registration certificate is attached as <u>Exhibit A</u>. The mark consists of a circle containing a stylized letter "P," with the word "CERTIFIED" appearing in an arc along the top of the circle and the word "PALEO" appearing in an arc along the bottom of the circle. The registration remains valid and subsisting and has achieved incontestable status under 15 U.S.C. § 1065.  Plaintiff's Certified Paleo Mark:



14.  Plaintiff's incontestable status under 15 U.S.C. § 1065, provides conclusive evidence of the validity of the mark, Plaintiff's ownership, and its exclusive right to use the mark in commerce.

15.  Plaintiff's certification program is widely recognized as a leading international standard for Paleo-compliant foods, relied upon by manufacturers and consumers to identify products that adhere to strict ancestral dietary principles.

16.  Plaintiff has invested substantial resources in marketing, licensing, and policing its mark, which has achieved incontestable status under 15 U.S.C. § 1065.

17.  Plaintiff's Certified Paleo Mark appears on thousands of certified products sold worldwide, generating millions of consumer impressions annually.

COMPLAINT

Unauthorized use of the Mark causes immediate consumer confusion and dilutes the credibility of the certification system.

**B. Little West's False Claims of Paleo Certification**

18. Little West is a consumer-facing juice brand whose website and marketing represent that its juices are "100% fresh fruits and vegetables, with zero additives of any kind."

19. As early as 2022, Little West prominently displayed the Certified Paleo logo — identical to Plaintiff's registered certification mark — on its website, packaging, and promotional materials. The logo reproduced Plaintiff's circular design, stylized font, and wording in a manner that is identical or substantially indistinguishable to ordinary consumers.

20. In addition to using the Certified Paleo Mark without authorization, Little West included an entirely false section on the "Certifications" page of its website, located at https://littlewest.com/pages/certifications, claiming, "Little West … adhere[s] to the standards set forth by the Paleo Foundation as part of a Certified Paleo diet. By qualifying for Paleo Certification, Little West is guaranteed to contain only Paleo-compliant fruits and vegetables." This page also contains a hyperlink to The Paleo Foundation's website and a false "Download Certification" link, which misdirected users to an unrelated Kosher certificate. True and correct copies of screenshots depicting Defendant's "Certifications" page showing the "Certified Paleo" reference (highlighted by a red box) and the corresponding Paleo Foundation webpage located at that hyperlink are attached hereto as Exhibit B.

21. Upon information and belief, Defendant further disseminated these false claims to retailers and distributors, including Whole Foods and Lazy Acres, to secure product placement and consumer credibility.

COMPLAINT

5

22. At no time did Little West ever contact The Paleo Foundation to apply for certification, or to request permission to use The Paleo Foundation's name, information, or trademarks. Neither did Little West ask The Paleo Foundation for permission to link to its website or certification standards.

23. On August 21, 2025, Plaintiff's counsel sent a formal Notice of Infringement and Demand to Defendant. Defendant failed to comply and continued its infringing conduct.

24. On September 11, 2025, Defendant's CEO, Chris Dodigovic, admitted to Plaintiff's counsel that Little West had "never applied for certification" and had been "using [the mark] for years." He claimed that Little West received "permission" from Earth Kosher, a Kosher certification agency unaffiliated with Plaintiff.

25. Despite repeated requests, Defendant produced no documentation of authorization. Earth Kosher holds no rights in the Certified Paleo mark, and its own "Kosher Paleo" registration was cancelled by the U.S. Patent and Trademark Office in 2018. Further confirming Defendant's lack of authorization, on or about May 9, 2025, Earth Kosher published a public *Consumer Alert* on its official website stating:

> **No Longer Certified**
>
> The following companies are longer certified even when bearing the Kosher symbol:
>
> 1. Puroast Coffee Company
> 2. Little West
>
> If these products are found in store with the symbol, please email
>
> kashrusadmin@earthkosher.com with a photo.

COMPLAINT

6

26. Despite Defendant's admission of use and explicit notice, Defendant continues to use Plaintiff's mark and name, and to sell products bearing the counterfeit Certified Paleo Mark. To date, Little West continues to use Plaintiff's name, trademark, and certification link on its website, despite its assertion that it had ceased all use on September 11, 2025. As recently as October 14, 2025, Little West has also continued to sell products marked with The Certified Paleo Mark. True and correct copies of images reflecting Defendant's unauthorized use of the Certified Paleo Mark on its website and product packaging are attached hereto as <u>Exhibit C.</u>

**C. Little West's Commercial Reach and Continued Misrepresentations**

27. According to its publicly available materials, Little West markets and distributes nationally, including retail presence in Whole Foods, Lazy Acres, and Drift Cafe SD.

28. Little West's own Tracxn business profile confirms annual revenue of $1.83 million, a 2021 acquisition by PlantX, and ongoing active operations under WS West LLC.

29. The continuing reference to Plaintiff's standards and hyperlink to Plaintiff's site is designed to lend legitimacy to Little West's products and exploit Plaintiff's goodwill.

30. Defendant's infringing use occurred in interstate commerce, including the marketing and sale of products to consumers in multiple states through online and retail channels.

31. The conduct is willful; it persisted after explicit written notice, a phone conversation with Little West's CEO, and repeated follow-ups.

//

//

COMPLAINT

7

## COUNT I – TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

32. Plaintiff incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

33. Defendant's unauthorized use in commerce of Plaintiff's Certified Paleo Mark on its website, packaging, and advertising is likely to cause consumer confusion as to certification, approval, sponsorship, or affiliation, in violation of the Lanham Act, 15 U.S.C. § 1114.

34. Consumers have been and are likely to be misled to believe that Little West's juices and other products have been independently evaluated and certified by Plaintiff.

35. Defendant's counterfeit use has caused actual and irreparable harm to Plaintiff and to consumers who rely on the Certified Paleo Mark to identify legitimately certified goods.

36. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and will continue to suffer irreparable harm to its goodwill, reputation, and ability to control the quality and integrity of its certification program.

37. Unless restrained, Defendant will continue to sell and advertise unauthorized products bearing the Certified Paleo Mark, causing further irreparable injury for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctive relief prohibiting any further infringement.

38. Plaintiff is entitled to recover Defendant's profits, Plaintiff's actual damages, and all gains, profits, and advantages obtained by Defendant as a result of its infringement, the full extent of which is presently unknown.

39. Because Defendant's conduct was deliberate and willful, Plaintiff is further entitled to enhanced damages, treble damages, and attorneys' fees pursuant to 15 U.S.C. §§ 1116–1117.

## COUNT II – TRADEMARK COUNTERFEITING
## (15 U.S.C. §§ 1114(1)(a), 1116(d))

40. Plaintiff incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

41. The Certified Paleo Mark, as registered under U.S. Reg. No. 4,767,643, appears on Defendant's packaging and marketing materials in a form identical to Plaintiff's registered design, including the circular seal containing a stylized "P" with the words "CERTIFIED" and "PALEO" appearing in arcs at the top and bottom of the circle, respectively.

42. Defendant's use of the Certified Paleo Mark constitutes counterfeiting because it involves the use of a spurious mark that is identical with, or substantially indistinguishable from, Plaintiff's federally registered certification mark. The counterfeit logo copies Plaintiff's circular design, layout, and stylized wording, such that the average consumer would perceive it as genuine certification by The Paleo Foundation.

43. Defendant's products and marketing materials bearing the counterfeit Certified Paleo Mark were not manufactured, reviewed, certified, or otherwise subject to Plaintiff's control or quality assurance standards, further establishing that Defendant's use was unauthorized and spurious within the meaning of 15 U.S.C. § 1116(d)(1)(B).

44. Defendant used the counterfeit mark in connection with goods identical to those covered by Plaintiff's certification services — namely, food and beverage

COMPLAINT

9

products promoted as "Paleo" compliant — thereby satisfying the Lanham Act's "same goods or services" requirement.

45. Defendant's use was willful, intentional, and undertaken with knowledge of Plaintiff's rights. Plaintiff is entitled to statutory damages, treble damages, attorneys' fees, and all remedies provided under 15 U.S.C. § 1117(b)–(c).

## COUNT III – FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125(a)(1)(A))

46. Plaintiff incorporates by reference each and every allegation contained in the paragraphs above as if fully set forth herein.

47. Defendant's unauthorized use in commerce of the Certified Paleo Mark is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are certified, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or approved by Plaintiff.

48. Defendant's unauthorized use in commerce of the Certified Paleo Mark constitutes a false designation of origin and a false or misleading description and representation of fact in violation of the Lanham Act.

49. Upon information and belief, Defendant's conduct was deliberate and willful and was intended to cause, and has caused, confusion, mistake, and deception as to the affiliation, connection, or association of Defendant with Plaintiff.

50. Defendant's conduct constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51. Defendant's actions have caused, and unless enjoined will continue to cause, immediate and irreparable harm and injury to Plaintiff's goodwill and reputation, for which Plaintiff has no adequate remedy at law.

COMPLAINT

52. Plaintiff is entitled to injunctive relief and to recover actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and the costs of this action pursuant to 15 U.S.C. §§ 1116–1117, together with prejudgment and post-judgment interest.

## COUNT IV — FALSE ADVERTISING
## (15 U.S.C. § 1125(a)(1)(B))

53. Plaintiff incorporates by reference each and every allegation contained in the paragraphs above as if fully set forth herein.

54. Defendant made materially false and misleading statements in commercial advertising and promotion by claiming its juices "qualif[ed] for Paleo Certification" and were compliant with Plaintiff's standards. These statements deceived or were likely to deceive consumers and retailers, were material to purchasing decisions, and caused injury to Plaintiff and to consumers.

55. As a direct and proximate result of Defendant's false and misleading representations, Plaintiff has suffered and will continue to suffer harm to its reputation and goodwill, and legitimate Paleo-certified producers have lost sales and credibility.

## COUNT V – UNFAIR COMPETITION
## Cal. Bus. & Prof. Code § 17200

56. Plaintiff incorporates by reference each and every allegation contained in the paragraphs above as if fully set forth herein.

57. California Business and Professions Code § 17200, et seq., defines "unfair competition" to include any unlawful, unfair, or fraudulent business act or practice, and any act prohibited by the false advertising provisions of § 17500.

58. Plaintiff has standing to pursue this claim under California Business & Professions Code § 17204 because it has suffered injury in fact and lost money and

COMPLAINT

11

property as a result of Defendant's unlawful, unfair, and fraudulent business acts and practices, including the diversion of licensing revenue, dilution of goodwill, and loss of consumer trust in its Certified Paleo certification program.

59. Defendant's conduct constitutes unlawful business acts or practices because it violates the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and constitutes trademark infringement, false designation of origin, and false advertising.

60. Defendant's conduct constitutes unfair business acts or practices because Defendant has misappropriated Plaintiff's Certified Paleo Mark and goodwill to sell and promote its own products, thereby gaining an unfair competitive advantage over legitimately certified producers.

61. Defendant's conduct constitutes fraudulent business acts or practices because Defendant has deceptively marketed its products as meeting Plaintiff's certification standards and falsely represented to consumers and retailers that its products were approved by The Paleo Foundation.

62. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and will continue to suffer loss of goodwill, harm to its reputation, and damage to the value of its certification program. Defendant will continue, unless restrained, to use the Certified Paleo Mark and to deceptively market, advertise, and promote its products, causing irreparable injury for which Plaintiff has no adequate remedy at law. Plaintiff is therefore entitled to preliminary and permanent injunctive relief prohibiting further unfair competition.

63. Plaintiff is further entitled to restitution, disgorgement of Defendant's profits, and all gains, profits, and advantages Defendant has obtained as a result of its unfair and fraudulent acts, the full extent of which is presently unknown.

64. Because Defendant's acts were deliberate, willful, and malicious, Plaintiff is entitled to restitution, disgorgement, and injunctive relief under the California

COMPLAINT

Unfair Competition Law, and seeks punitive damages separately under its common-law unfair competition claim.

## COUNT VI – COMMON LAW UNFAIR COMPETITION / UNJUST ENRICHMENT

65. Plaintiff incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth herein.

66. California common-law unfair competition encompasses both passing off and misappropriation; Defendant's conduct constitutes both forms.

67. Defendant's acts constitute passing off and unjust enrichment by exploiting Plaintiff's reputation and certification mark to gain commercial advantage. Defendant's retention of profits gained through this misconduct is unjust and contrary to equity and good conscience.

68. By virtue of the egregious and illegal acts of Defendant as described above, Defendant has been unjustly enriched in an amount to be proven at trial.

69. Defendant's retention of monies gained through its deceptive business practices, trademark infringements unjustly enriches Defendant and is contrary to public policy and the interests of justice.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Enter judgment that Defendant's use of the Certified Paleo® mark constitutes trademark infringement, counterfeiting, false designation of origin, and false advertising under the Lanham Act;

2. Preliminarily and permanently enjoin Defendant, its officers, agents, employees, and those in active concert with them, from using the Certified Paleo® mark or any confusingly similar mark, and from representing that its products are certified, approved, or affiliated with Plaintiff;

COMPLAINT

3. Order Defendant to remove all infringing content from packaging, advertising, digital platforms, and retailer listings, and to issue corrective notices to distributors and retailers;

4. Order Defendant to deliver up for destruction all infringing packaging, labels, promotional materials, and digital files under 15 U.S.C. § 1118;

5. Award Plaintiff Defendant's profits, Plaintiff's actual damages, treble damages, and statutory damages for counterfeiting under 15 U.S.C. § 1117(b)–(c);

6. Impose a constructive trust or asset freeze over profits derived from infringing sales;

7. Declare that Plaintiff's Certified Paleo Mark is valid, subsisting, and infringed by Defendant;

8. Award Plaintiff reasonable attorneys' fees and costs of suit; and

9. Grant such other and further relief as the Court deems just and proper.

DATED: October 21, 2025        */s/ Amanda L. Bruss*

Amanda Bruss, Esq. (#246249)
Kristen G. Roberts, Esq. (#275552)
Trestle Law, APC
3131 Camino Del Rio N. # 380
San Diego, CA 92108
(619) 289-8939 |
amanda@trestlelaw.com
kristen@trestlelaw.com

*Attorneys for Plaintiff*
*Paleo Certified, Inc. d/b/a*
*The Paleo Foundation*

COMPLAINT